UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAMONA A. CLARK, | ) | CASE NO. 1:13 CV 2422 |
| | ) | |
| | ) | BANKRUPTCY CASE NO. |
| | ) | 12-6031 |
| | ) | |
|     Appellant, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
|   v. | ) | |
| | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| JOSIAH L. MASON, | ) | |
| | ) | |
| | ) | |
|     Appellee | ) | |

This matter comes before the Court upon Defendant-Appellant Ramona A. Clark's appeal pursuant to 28 U.S.C. § 158(a). On August 1, 2013, Bankruptcy Judge Russ Kendig granted Plaintiff-Appellee Josiah L. Mason's Motion for Summary Judgment over Defendant-Appellant's objections. On September 17, 2013, Judge Kendig denied Defendant-Appellant's amended Motion for Reconsideration. She now appeals.

For the reasons that follow, the Bankruptcy Court's grant of Plaintiff-Appellee Josiah L. Mason's Motion for Summary Judgment is hereby AFFIRMED. The Bankruptcy Court's denial of Defendant-Appellant Ramona A. Clark's Motion for Reconsideration is also hereby AFFIRMED.

**STATEMENT OF FACTS**

On August 17, 2011, Debtor Natalie Michelle Book filed a Chapter 7 petition in the U.S. Bankruptcy Court for the Northern District of Ohio.  (ECF #5).  The Summary of Schedules listed assets of $42,110.00 in an undivided one-half interest in real property in Shelby, Ohio[1]; $3,526.00 in personal property; $91,000.00 in debts secured by the Shelby property; and $19,483.91 in unsecured debts.

Debtor's Statement of Financial Affairs indicated that "one-half interest in 1822 Rock Road, Mansfield, OH 44903" was transferred to Defendant-Appellant Ramona A. Clark on March 3, 2011.  That property is at issue in this case.  Defendant-Appellant paid Debtor $35,000.00 for Debtor's undivided one-half interest in real estate in 2005, but the property was not transferred until Debtor executed a deed to Defendant-Appellant on March 18, 2011.  The deed was recorded with the Richland County (Ohio) recorder on March 22, 2011.  (ECF #5).

The record reveals that, in 1989, Ralph and Ramona B. Briggs deeded the property in question to both Debtor, then known as Natalie Briggs, and her mother, Ramona Clark, with Grantors reserving a life estate.  Grantors died in 2006 and 1994 respectively, and no life estate is involved in the present ownership.  In 2005, Defendant-Appellant agreed to purchase Debtor's interest in the property for the sum of $35,000.00.  The theory at the time was that since the property was worth $105,000.00 and Defendant-Appellant's father Ralph Briggs was still living, that they split the value three ways.  In reality, Debtor and Defendant-Appellant each owned an undivided one-half interest in the property and Ralph Briggs owned a life estate.  The property was appraised for $105,000.00 and Defendant-Appellant obtained a loan from GMAC to finance

---

[1] Not at issue in this case.

the purchase of the property from Debtor.  No deed was filed until nearly six years after the money was transferred from Defendant-Appellant to Debtor.  Defendant-Appellant knew that Debtor would file for bankruptcy and that she would get her (Debtor's) name off the deed before that time.  The property in question has two mortgages against it, both signed only by Defendant-Appellant at such time as she only owned a one-half interest.  Defendant-Appellant signed one mortgage when she borrowed the $35,000.00 plus additional funds purportedly to update the property, for a sum totaling $41,200.00.  The other mortgage was taken out by Defendant-Appellant on the property in question, apparently as a line of equity, but was never used by Defendant-Appellant.  She now says that she cancelled that loan.

Because Debtor owned an undivided one-half interest in the property at issue at the time of the mortgages, the mortgages are only against Defendant-Appellant's undivided one-half interest and do not affect the title to the one-half interest owned by Debtor and preferentially transferred to Defendant-Appellant in 2011.  Defendant-Appellant avers that Debtor's intention was for Defendant-Appellant to become the owner of the property upon receipt of the $35,000 on April 12, 2005.  (ECF #4).

## STATEMENT OF THE CASE

On April 12, 2012, Plaintiff-Appellee Josiah L. Mason filed a Complaint in the U.S. Bankruptcy Court for the Northern District of Ohio against Defendant-Appellant Ramona A. Clark.  Plaintiff-Appellee, acting in his capacity as Trustee in the bankruptcy of one Natalie Michelle Book, sought to avoid the transfer of Debtor Book's interest in real estate under 11

U.S.C. § 548. He alleged that on March 22, 2011, Debtor transferred to Defendant-Appellant[2] by warranty deed an undivided one-half interest in property located in the Township of Springfield, Richland County (Ohio). He averred that Debtor received no consideration in exchange for the transfer, and was at the time insolvent or had become such as a result of the transfer. Plaintiff-Appellee sought to avoid the transfer, and requested that the Bankruptcy Court order Defendant-Appellant to turn over to him the reasonable value of the property (purportedly valued at $49,340.00).

On June 1, 2012, Defendant-Appellant filed an Answer, admitting that the transfer took place as alleged, but denying that Debtor received no consideration in exchange for the transfer. On November 30, 2012, Plaintiff-Appellee filed an amended Complaint, outlining two separate counts: (I) fraudulent transfer; and (II) preferential transfer. On Count I, he relied on facts previously described in his Complaint, and alleged that the transfer in question was fraudulent as to Trustee and may be avoided by him pursuant to 11 U.S.C. § 548. On Count II, he stated that, within a year prior to the commencement of this case, Debtor transferred to and for the benefit of Defendant-Appellant a sum of $35,000.00, her undivided one-half interest in the property. He alleged that, at the time of the transfer, Debtor was insolvent and the effect of the transfer was that Defendant-Appellant received more than she would otherwise have under Chapter 7 of the Bankruptcy Code. Plaintiff-Appellee requested that the Bankruptcy Court make its order avoiding the fraudulent and preferential transfers, and ordering Defendant-Appellant to turn $49,340.00 over to Trustee. Alternatively, Plaintiff-Appellee requested that the Court order Defendant-Appellant to convey the aforementioned one-half interest to Trustee.

---

[2] Defendant-Appellant is Debtor Natalie Michelle Book's mother.

On December 7, 2012, Defendant-Appellant filed an amended Answer.  As to Count I, she denied Plaintiff-Appellee's allegations and stated that the transfer was done in exchange for reasonable value.  She asserted that such value was the satisfaction of an antecedent debt of Debtor.  In other words, she alleged that the transfer of the interest in real estate was to pay for a debt incurred by Debtor in the ordinary course of affairs of Debtor and transferee.  As to Count II, she admitted that Debtor transferred a one-half interest to her within one year prior to the commencement of this case.  She claimed that she lacked sufficient knowledge regarding the remaining allegations to form a belief as to their truth or falsity.

On May 10, 2013, Defendant-Appellant filed a Motion for Summary Judgment as to Count I.  She again referred to the transfer of real estate as done in satisfaction of an antecedent debt of Debtor, specifically a $35,000.00 loan in April 2005.  She included various affidavits in support of her Motion.  On the same day, Plaintiff-Appellee filed a Motion for Summary Judgment as to both Counts I and II.

On August 1, 2013, following consideration of the parties' filings, the Bankruptcy Court granted Defendant-Appellant's Motion as to Count I.  The Bankruptcy Court also granted Plaintiff-Appellee's Motion as to Count II.  The latter grant is now the subject of this appeal.

On August 15, 2013, Defendant-Appellant filed a Motion for Reconsideration.  This was amended on August 19.  On September 17, 2013, the Bankruptcy Court denied Defendant-Appellant's Motion.  She now appeals.

## DISCUSSION

Defendant-Appellant Ramona A. Clark brings this appeal before the Court to challenge

Bankruptcy Judge Russ Kendig's August 1, 2013, Order granting Plaintiff-Appellee Josiah L. Mason's Motion for Summary Judgment. She also challenges Judge Kendig's September 17, 2013, Order denying her amended Motion for Reconsideration.

### 1. Jurisdiction and Standard of Review

28 U.S.C. § 158(a) provides that the District Courts of the United States shall have jurisdiction to hear appeals from: (1) final judgments, orders, and decrees; (2) select interlocutory orders and decrees; and (3) with the leave of the court, other interlocutory orders and decrees. The relevant section of the statute also provides that an appeal "shall be taken only to the [D]istrict [C]ourt for the judicial district in which the bankruptcy judge is serving."

Defendant-Appellant here asserts that Bankruptcy Judge Kendig erred in granting Plaintiff-Appellee Josiah L. Mason's Motion for Summary Judgment. She also asserts that Judge Kendig erred in denying her amended Motion for Reconsideration. Because Judge Kendig serves on the U.S. Bankruptcy Court for the Northern District of Ohio, this appeal is properly before the Court.

On appeal, this Court reviews the Bankruptcy Court's conclusions of law *de novo*. *See In re Made in Detroit*, 414 F.3d 576, 580 (6th Cir. 2005).

### 2. Motion for Summary Judgment on Count II (Preferential Transfer)

This matter concerns an action by Plaintiff-Appellee Josiah L. Mason, a Chapter 7 trustee, to recover property deeded by Debtor to her mother, Defendant-Appellant Ramona A. Clark, approximately five months before Debtor filed for bankruptcy. Following extensive

filings by the parties involved, the Bankruptcy Court on August 1, 2013, issued an opinion finding that Debtor's transfer of her real estate interest was a preferential transfer under 11 U.S.C. § 547.

On appeal, Defendant-Appellant raises a veritable tapestry of issues but does not clearly delineate them. The Court has determined that Defendant-Appellant is advancing two primary arguments: She first asserts that the Bankruptcy Court erred in granting Plaintiff-Appellee Josiah L. Mason's Motion for Summary Judgment as to Count II. She states that there were, in actuality, genuine issues of material fact. To support that position, she makes reference to the character of Debtor's interest in the real estate transfer. Defendant-Appellant further contends that the Bankruptcy Court failed to consider the nature of Debtor's interest in the property that was transferred. She also claims that the Bankruptcy Court's conclusion that the property was not subject to a constructive trust is wrong as a matter of law.

The Court will address these issues in turn.

*(i) Summary Judgment Standard*

Rule 7056 of the Federal Rules of Bankruptcy Procedure adopts Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Summary judgment is proper if the evidence, taken in the light most favorable to the non-moving party, shows that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. *See Mazur v. Young*, 507 F.3d 1013, 1016 (6th Cir.

2007) (internal citations omitted). In considering a motion for summary judgment, a court's function "is not to resolve disputed issues of fact, but only to determine whether there is a genuine issue of material fact to be tried." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). No genuine issue exists "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party ... [i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50.

*(ii) No Genuine Issue(s) of Material Fact*

Defendant-Appellant argues that the Bankruptcy Court should not have granted summary judgment with respect to Count II because questions of fact purportedly exist. The Bankruptcy Court, in addressing that specific argument in its September 17, 2013, opinion, disagreed. The Bankruptcy Court articulated two reasons for rejecting Defendant-Appellant's argument on this point: (1) that she had not identified a factual dispute; and (2) that the court had properly viewed the facts in the light most favorable to her (as the non-moving party), and had challenged the *legal foundation* of her argument (as opposed to the factual premise). A review of the record reveals that there was simply no suggestion from the Bankruptcy Court that lingering factual questions had dictated its conclusions. Defendant-Appellant's argument must therefore fail.

*(iii) Nature of Debtor's Interest in Property*

Below, Defendant-Appellant contended that the Bankruptcy Court failed to consider the nature of Debtor's interest in the property that was transferred, a contention rejected by the Bankruptcy Court. She makes an identical argument on appeal, with the same result.

Defendant-Appellant maintains that Debtor held only bare legal title to the property when it was transferred because Defendant-Appellant previously paid for Debtor's interest. This transfer, she argues, gives rise to an equitable interest in the property in her favor. She therefore seeks the imposition of a constructive trust over the property titled to her daughter, which the Bankruptcy Court rightfully declined to do. Defendant-Appellant points out that a bankruptcy estate succeeds only to the property interest held by Debtor, no more and no less. Consequently, if a debtor holds only bare legal title, and not the equitable interest, only the legal interest comes into the estate. *See* 11 U.S.C. § 541(d). Be that as it may, Defendant-Appellant's broader point fails in the absence of a pre-petition action establishing or recognizing an equitable interest in her favor. Ohio law "does not recognize a stand-alone claim for [a] constructive trust[,] instead it is a remedy that can only be imposed ... where there is some ground upon which equity will grant relief." *See Gaymar Ind., Inc., v. FirstMerit Bank, N.A.*, 311 Fed.Appx. 814 (6th Cir. 2009) (internal citations omitted). Defendant-Appellant contends that she is entitled to a remedy even though she has never pursued a claim. That contention is wholly unsupported by cited case law.

Defendant-Appellant also references constructive trusts that arise by operation of law as compared to those that arise by judicial fiat. Her reference rests on a total misunderstanding of the relevant legal landscape. As the Bankruptcy Court correctly recognized below, there is no statutory basis for a constructive trust – it is created as a remedy by a court. A court need not declare that a constructive trust has been created. Indeed, the fact remains that judicial action established or recognized the legal and equitable interests. *See Hines v. Hines (In re Hines)*, 193 Fed.Appx. 391, 395 (6th Cir. 2006).

While it is certainly true that constructive trusts may arise by operation of law to prevent unjust enrichment, it is also the case that such trusts only arise where there is a sufficient basis in law. *Id.* Defendant-Appellant's argument completely glosses over this critical point. In *Poss v. Morris (In re Morris)*, 260 F.3d 654 (6th Cir. 2001), the Sixth Circuit noted in dicta that 11 U.S.C. § 541(d) "does not authorize bankruptcy courts to recognize a constructive trust based on a creditor's claim of entitlement to one ... rather, [the section of the statute] only operates to the extent that state law has impressed property with a constructive trust prior to its entry into bankruptcy. *Id.* at 666; *see also XL/Datacomp, Inc. v. Wilson (In re Omegas Grp., Inc.)*, 16 F.3d 1443 (6th Cir. 1994).

In the case at bar, no court action had been taken to legally establish an equitable interest held by Defendant-Appellant. There was no court division of property to rely on, for instance. Defendant-Appellant did not pursue a claim seeking a constructive trust remedy, nor did she hold a cognizable beneficial interest in the property. As a consequence, the Bankruptcy Court correctly declined to recognize a constructive trust here.

The Court has carefully reviewed the applicable law and governing precedent, and finds that the Bankruptcy Court properly addressed Defendant-Appellant's arguments below. The Bankruptcy Court did not in any way err in its treatment of the issues now on appeal. The Bankruptcy Court's grant of Plaintiff-Appellee Josiah L. Mason's Motion for Summary Judgment is, therefore, hereby AFFIRMED.

### 3. Motion for Reconsideration

For the reasons elucidated above, the Bankruptcy Court's denial of Defendant-Appellant

Ramona A. Clark's Motion for Reconsideration is also AFFIRMED.

## CONCLUSION

The Court has reviewed the Bankruptcy Court's challenged Orders *de novo*. It has also thoroughly considered the parties' filings, oral arguments presented by counsel, and applicable law. The Court finds no error in the Bankruptcy Court's treatment of all pertinent issues. The Bankruptcy Court's grant of summary judgment to Plaintiff-Appellee Josiah L. Mason is hereby AFFIRMED. The Bankruptcy Court's denial of Defendant-Appellant Ramona A. Clark's Motion for Reconsideration is also hereby AFFIRMED.

IT IS SO ORDERED.

    /s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:  April 2, 2014